FILED
2021 MAY 7 PM 2:41
CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VIVINT, INC., a Utah corporation, <br><br> Plaintiff, <br><br> v. <br><br> ADT LLC a/k/a ADT LLC OF DELAWARE d/b/a ADT Security Services, a Delaware limited liability company, <br><br> Defendant. | Civil No. 2:21-cv-00115-JNP-DBP <br><br> **PATENT CASE SCHEDULING ORDER** <br><br> United States District Judge Jill N. Parrish <br><br> Magistrate Judge Dustin B. Pead |

The Court, having received the "Attorney Planning Meeting Report" (ECF No. 26) jointly submitted on behalf of plaintiff Vivint, Inc. ("Vivint" or "Plaintiff") and defendant ADT LLC ("ADT" or "Defendant") in the above-captioned action pursuant to Rule 16(b) of the Federal Rules of Civil Procedure,[1] hereby orders the matters set forth below. Neither Vivint nor ADT (individually a "party" and collectively the "parties") may modify the schedule and deadlines set forth below

---

[1] Hereinafter, unless otherwise specified, "Rule(s)" shall refer to the Federal Rules of Civil Procedure, and "LPR" shall refer to the Court's "Local Patent Rules."

without the prior approval of the Court and on a showing of good cause pursuant to Rule 6.

**All deadlines are set for one minute after 11:59 p.m. Mountain Time on the date indicated, unless expressly stated to the contrary.**

| 1. | | PRELIMINARY MATTERS / DISCLOSURES | NUMBER OF DAYS | DATE |
|---|---|---|---|---|
| | a. | Parties to conduct Rule 26(f)(1) scheduling conference; discovery may commence | Set by Court | May 6, 2021 |
| | b. | Attorney Planning Meeting Report and Proposed Patent Case Scheduling Order submitted to Court | Set by Court | May 6, 2021 |
| | c. | Vivint's Accused Instrumentalities disclosure, LPR 2.1 | 7 days after answer | May 7, 2021 |
| | d. | Parties' Rule 26(a)(l) Initial Disclosures | 42 days after answer (has been set by Court) | June 11, 2021 |
| | e. | Vivint's Initial Infringement Contentions, LPR 2.3 | 35 days after Initial Disclosures | July 16, 2021 |
| | f. | ADT's Initial Non-Infringement, Unenforceability, and Invalidity Contentions, LPR 2.4 | 14 days after Vivint's Initial Infringement Contentions | July 30, 2021 |
| | g. | Vivint's Final Infringement | | January 13, 2022 |

|   |   |   | Contentions, LPR 3.1 |   |   |
|---|---|---|---|---|---|
|   | h. | ADT's Final Unenforceability and Invalidity Contentions, LPR 3.1 | 14 days after Vivint's Final Infringement Contentions | January 27, 2022 |
|   | i. | ADT's Final Non-Infringement Contentions. LPR 3.2 | 28 days after Vivint's Final Infringement Contentions | February 10, 2022 |
| 2. |   | **DISCOVERY LIMITATIONS** |   | **NUMBER** |
|   | a. | Maximum number of depositions taken by Vivint of ADT fact witnesses[2] |   | 6 |
|   | b. | Maximum number of depositions taken by ADT of Vivint fact witnesses[3] |   | 6 |

---

[2] Expert witness depositions do not count toward this limit. Rule 30(b)(6) depositions count as one deposition for this limit regardless of the number of witnesses designated by a party to cover Rule 30(b)(6) deposition topics. Each party may take depositions of all individuals identified in the other party's Rule 26(a)(1)(A)(i) disclosures, as amended from time to time. The deposition limit here applies to additional depositions of party witnesses not identified in the other party's Rule 26(a)(1)(A)(i) disclosures, as amended from time to time.

[3] Expert witness depositions do not count toward this limit. Rule 30(b)(6) depositions count as one deposition for this limit regardless of the number of witnesses designated by a party to cover Rule 30(b)(6) deposition topics. Each party may take depositions of all individuals identified in the other party's Rule 26(a)(1)(A)(i) disclosures, as amended from time to time. The deposition limit here

| | | |
|---|---|---|
| c. | Maximum number of third-party depositions taken by each party | 6[4] |
| d. | Maximum number of hours for each deposition, unless extended by agreement of the Parties | 7 (per witness). Each party shall be limited to a combined total of 28 hours of party deposition time for all party depositions noticed under Rule 30(b)(6). A deposition of a non-party taken under Rule 30(b)(6) shall be limited to 7 hours. |
| f. | Maximum number of interrogatories propounded by each party | 30 |

---

applies to additional depositions of party witnesses not identified in the other party's Rule 26(a)(1)(A)(i) disclosures, as amended from time to time.

[4] Expert witness depositions do not count toward this limit. Rule 30(b)(6) depositions of a third-party count as one deposition for this limit regardless of the number of witnesses designated by the third-party to cover Rule 30(b)(6) deposition topics. Each party may take depositions of all third-party individuals identified in the other party's Rule 26(a)(1)(A)(i) disclosures, as amended from time to time. The deposition limit here applies to additional depositions of non-party witnesses not identified in the other party's Rule 26(a)(1)(A)(i) disclosures, as amended from time to time..

| | | | |
|---|---|---|---|
| g. | Maximum number of requests for admission by each party, excluding requests for admissions for purposes of authentication | | 50 (other than requests for admission that documents are authentic, which have no limit) |
| h. | Maximum number of categories of requests for production by each party to another party | | Not limited |

i. The parties have agreed to meet and confer on the custodians, sources, search criteria, and format for ESI production, and to submit an agreement on these issues in a separate ESI stipulation.

j. The parties anticipate entry of a stipulated protective order that addresses the treatment and protection of non-public information produced during the case. The parties do not anticipate any additional issues regarding claims of privilege or protection of trial preparation materials at this time.

| | | | |
|---|---|---|---|
| k. | Deadline to serve written discovery before claim construction, Rule 34 | | February 24, 2022 |
| l. | Close of fact discovery before claim construction, LPR 1.3(a) | 28 days after exchange of proposed claim terms | March 24, 2022 |
| m. | Disclosure of intent to rely on opinions of counsel and materials in support, LPR 1.3(c)(1) | | 7 days after claim construction ruling |
| n. | Deadline to file motion for additional discovery, LPR 1.3(b) | | 14 days after claim construction ruling |

5

| 3. | AMENDMENT OF PLEADINGS/ADDING PARTIES[5] | NUMBER OF DAYS | DATE |
|---|---|---|---|
| a. | Last day to file motion to amend pleadings, absent good cause shown: | | August 28, 2021 |
| b. | Last day to file motion to add parties: | | August 28, 2021 |
| 4. | CLAIM CONSTRUCTION PROCESS | NUMBER OF DAYS | DATE |
| a. | Parties exchange proposed claim terms or phrases for construction, LPR 4.1(a) | 14 days after Final Contentions | February 24, 2022 |
| b. | Parties reach agreement to submit no more than 10 terms or phrases for construction, LPR 4.1(b) | 7 days after exchanging proposed terms | March 3, 2022 |
| c. | Parties file cross-motions for claim construction and joint appendix, LPR 4.2(a) & (b) | 35 days after exchanging proposed terms | March 31, 2022 |
| d. | Parties file simultaneous responsive claim construction briefs, LPR 4.2(c) | 28 days after cross-motions | April 28, 2022 |
| e. | Joint claim construction chart and joint status report due, LPR 4.2(f) | 7 days after responsive briefs | May 5, 2022 |

---

[5] Counsel must still comply with the requirements of Rule 15(a).

| | | | Number of Days | Date |
|---|---|---|---|---|
| | f. | Tutorial for Court, LPR 4.4 | 14 days after responsive briefs | May 12, 2022 |
| | g. | Parties exchange claim construction exhibits, LPR 4.3 | | No later than 7 days before the claim construction hearing |
| | h. | Claim construction hearing, LPR 4.3 | | TBD |
| **5.** | | **EXPERT DISCOVERY** | **NUMBER OF DAYS** | **DATE** |
| | a. | Disclosure of experts and expert reports for party bearing burden of proof. LPR 5.1(b) | | 28 days after the claim construction ruling |
| | b. | Rebuttal expert reports, LPR 5.1(c) | | 56 days after claim construction ruling |
| | | Close of expert discovery, LPR 5.2 | | 91 days after claim construction ruling |
| **6.** | | **DISPOSITIVE MOTIONS** | | **DATE** |
| | a. | Deadline to file dispositive motions required to be filed with claim construction, LPR 6.2 | 35 days after exchange of claim terms | March 31, 2022 |
| | b. | Deadline to file opposition to dispositive motions filed with claim construction, LPR 6.2 | 28 days after dispositive motion | April 28, 2022 |

|  |  |  |  |
|---|---|---|---|
| c. | Deadline to file reply to dispositive motions filed with claim construction, LPR 6.2 | 14 days after opposition | May 12, 2022 |
| d. | Deadline for filing dispositive or potentially dispositive motions, LPR 6.1 | 28 days after close of expert discovery | 119 days after claim construction ruling |
| e. | Deadline for filing partial or complete motions to exclude expert testimony |  | 60 days before pretrial conference |

| 7. | **SETTLEMENT/ADR/ OTHER PROCEEDINGS** | **NUMBER OF DAYS** | **DATE** |
|---|---|---|---|
| a. | Referral to Court-annexed mediation |  | No |
| b. | Referral to Court-annexed arbitration |  | No |
| c. | Last day to seek stay pending reexamination or inter partes review, LPR 3.5 | 28 days after Final Non-infringement Contentions | March 10, 2022 |
| d. | Parties to complete private mediation/arbitration by: |  | N/A |
| e. | Evaluate case for settlement/ADR on: |  | 30 days after claim construction ruling |
| f. | Settlement probability: |  | Poor |

*Plaintiff is directed to file a new scheduling order within 14 days of the Court's ruling on claim construction. The Court will set trial deadlines in that order or through a case management conference.*

8.       OTHER MATTERS

The parties shall have 14 days after service of final list of witnesses and exhibits to list objections under Fed. R. Civ. P. 26(a)(3). If the list of witnesses provided by a party under Fed. R. Civ. P. 26(a)(3) includes one or more witnesses that have not been previously identified to the other party, the receiving party reserves its right to object to such identification on grounds that the providing party failed to timely identify that witness or witnesses under Fed. R. Civ. P. 26(e), and the receiving party shall have the right to depose that witness or witnesses prior to the commencement of the trial.

Counsel should contact chambers staff of the judge presiding in the case regarding *Daubert* and claim construction motions to determine the desired process for filing and hearing of such motions. All such motions, including motions in limine should be filed well in advance of the final pretrial conference. Unless otherwise directed by the Court, any challenge to the qualifications of an expert or the reliability of expert testimony under *Daubert* must be raised by written motion before the final pretrial conference.

Dated: May 7, 2021

BY THE COURT:

_____
Dustin B. Pead
United States Magistrate Judge