**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| VIVINT, INC, a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ADT LLC a/ka/ ADT LLC OF DELAWARE d/b/a ADT Security Services, a Delaware limited liability company<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER ON STIPULATION RE PARTIAL DISMISSAL AND NON-ASSERTION OF CERTAIN ACCUSED INSTRUMENTALITIES**<br><br>Case No. 2:21-cv-115-CW<br><br>Hon. Clark Waddoups |

On March 18, 2026, the parties to this Action, Vivint, Inc. and ADT LLC, filed a Stipulation Re Partial Dismissal and Non-Assertion of Certain Accused Instrumentalities (the "Stipulation"). [ECF No. 142.] In their Stipulation the parties agree, among other things, that:

1. Vivint shall not assert in this Action that ADT has infringed claims of either U.S. Patent No. 10,325,159 (the "'159 patent") or U.S. Patent No. 7,956,739 (the "'739 patent") [*see* ECF No. 142 at 4 ¶ 1];

2. Vivint shall not assert in this Action that either the ADT Pulse ("Pulse") or ADT Control ("Control") products or systems is an accused

instrumentality with respect to any of the five United States patents asserted by Vivint in the Action, as described in the Stipulation [*see* ECF No. 142 at 4 ¶ 2];

3. Vivint's second claim for relief for infringement of U.S. Patent No. 9,349,262 (the "'262 patent") in its "Second Amended Complaint for Patent Infringement" [*see* ECF No. 95 at ¶¶ 82–95] is, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and (a)(2), hereby dismissed with prejudice [*see* ECF No. 142 at 4 ¶ 3];

4. ADT's second counterclaim for declaratory judgment of invalidity of the '262 patent in "Defendant ADT LLC's Amended Answer, Affirmative Defenses and Counterclaims to Plaintiff Vivint, Inc.'s Second Amended Complaint" [*see* ECF No. 110 at ¶¶ 16–19] is, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and (a)(2), hereby dismissed with prejudice [*see* ECF No. 142 at 4 ¶ 4]; and

5. Both Vivint and ADT shall bear their own respective attorney fees and costs with respect to (a) Vivint's second claim for relief and (b) ADT's second counterclaim, both of which are to be dismissed, and (c) Vivint's stipulation not to assert in the Action that ADT has infringed claims of either the '159 patent or the '739 patent or any claims of infringement of any of the Asserted Patents with respect to Pulse or Control [*see* ECF No. 142 at 4 ¶ 5].[1]

---

[1] The court notes that the language contained in the Stipulation differs slightly from the language included in accompanying proposed order. [*Compare* ECF No. 142 at 3–4 ¶¶ 1–6, *with* ECF No. 142-1 at 1–2 ¶¶ 1–5.] There appears to be no substantive difference, however.

For the reasons discussed below, the parties' request that the court enter an order approving their Stipulation is GRANTED IN PART and DENIED IN PART.

**ANALYSIS**

Insofar as the parties stipulate that Vivint will not assert that the Pulse and/or Control products or systems are an accused instrumentality with respect to any of the five United States patents asserted by Vivint in this Action, the court finds good cause to be present and will approve and accept the Stipulation. Similarly, the Stipulation is approved and accepted insofar as Vivint will not assert that ADT has infringed any claims of either the '159 patent or the '739 patent.[2]

However, insofar as the parties seek court approval of a dismissal with prejudice under Federal Rule of Civil Procedure 41(a) as to some individual claims—but not all their claims against each other—the court has some concerns as to how and whether that dismissal may be accomplished in such a manner.[3]

As noted above, the Stipulation attempts to dismiss only the specific claims concerning the '262 patent—*i.e.*, Vivint's second claim for infringement of the '262 patent [*see* ECF No. 95 at ¶¶ 82–95] and ADT's second counterclaim on invalidity of

---

[2] It is not entirely clear that such a stipulation is needed. On May 1, 2025, the parties jointly informed the court that the United States Court of Appeals for the Federal Circuit had issued two separate judgments affirming findings that the '159 patent and the '739 patent were "unpatentable" and that these judgments "cover[ed] all the asserted claims of [these] Patent[s] in the Action." [*See* ECF No. 135 at 3.] And the Stipulation itself notes that these patents have been "canceled." [*See* ECF No. 142 at 3.]

[3] This concern should not be surprising to Vivint. In *Dorn v. Vivint*, 719 F. Supp. 3d 1223, 1225 (M.D. Ala. 2024), the district court informed Vivint that the Eleventh Circuit (like the Tenth Circuit) has "rejected efforts to use Rule 41(a) to dismiss less than all claims in a case." The district court then noted that a joint stipulation for dismissal under Rule 41(a) "may be used to dismiss only an 'action' in its entirety." *Id.* (quotations and citations omitted).

the ’262 patent [*see* ECF No. 110 at ¶¶ 16–19]. These claims, however, do not constitute the entire Action that Vivint has asserted against ADT, and vice versa. Other claims remain, *i.e.*, ADT’s alleged infringement of U.S. Patent No. 8,700,769 and U.S. Patent No. 8,392,552 by ADT’s Blue Accused Instrumentality. [*See* Updated Joint Status Report and Proposed Case Schedule, ECF No. 143, at 2 ¶ 2.]

Federal Rule of Civil Procedure 41 is entitled “Dismissal of Actions.” It sets forth the procedures by which a party or the parties acting by stipulation may voluntarily dismiss an “action” without a court order or with a court order. *See* FED. R. CIV. P. 41(a)(1) & (2). The Tenth Circuit has held that that Rule 41(a) “speaks to dismissal of an action, not just a claim within an action.” *Gobbo Farms & Orchards v. Poole Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996) (noting that there is no authority “to support [the] contention that Rule 41(a) applies to dismissal of less than all claims in an action”); *see also Alvarez v. United Heritage Property & Casualty Co.*, No. 2:21-cv-0731, 2023 WL 3179036, at *2 (D. Utah May 1, 2023) (quoting *Gobbo Farms* and recognizing that “Rule 41(a) does not apply where a plaintiff seeks only to dismiss certain claims”); *Van Leeuwen v. Bank of America, N.A.*, 304 F.R.D. 691, 695 (D. Utah 2015) (“The Tenth Circuit has, in fact, held that Rule 41(a)(1) ‘speaks to dismissal of an action, not just a claim within an action. [The plaintiff] offers no authority, and we have found none, to support its contention that Rule 41(a) applies to dismissal of less than all claims in an action.’”) (quoting *Gobbo Farms*, 81 F.3d at 123); *Campbell By & Through Jackson v. Hoffman*, 151

F.R.D. 682, 684 (D. Kan. 1993) (acknowledging that "Rule 41(a)(2) is not the proper mechanism to dismiss only a few claims").

Because Tenth Circuit precedent does not authorize dismissal in the form and manner presented here, where the parties by stipulation pursuant to Rule 41(a) seek only to dismiss certain claims, the court declines to approve the Stipulation in this regard.[4]

Recognizing that "binding precedent casts doubt on the parties' ability to use the procedural mechanism [of Rule 41(a)] that they have chosen" to dismiss only certain claims under Rule 41(a), courts have adopted what have been characterized

---

[4] And the parties should be concerned that they are using the proper procedural mechanism to dismiss any claims. As the Eleventh Circuit has observed:

> Today we make explicit what our precedent has implied for almost two decades: Federal Rule of Civil Procedure 41(a)(2) provides only for the dismissal of an entire action. Any attempt to use this rule to dismiss a single claim, or anything less than the entire action, will be invalid—just like it would be under Rule 41(a)(1). Because the parties here attempted to use Rule 41(a) to dismiss a single count and not an entire lawsuit, a final judgment was never rendered. We thus lack jurisdiction to hear this appeal, so we dismiss it.

*Rosell v. VMSB, LLC*, 67 F.4th 1141, 1143 (11th Cir. 2023). In *Rosell*, the court held that a joint stipulated dismissal of a single claim with prejudice, even when the stipulation was requested by the district court, was "procedurally improper" and, therefore, that claim remained "pending" so that the circuit court lacked jurisdiction because there was no "final decision." *Id.* at 1144. The court further noted that if the parties wish to dismiss "less than an entire action" while still preserving appellate jurisdiction, one of the ways they could do so was by amending their complaints under Rule 15. *Id.*; *see also Simmons v. USI Ins. Servs. LLC.*, No. 25-11493, 2025 3252333 at * 1 (11th Cir. Nov. 21, 2025) (unpublished) (dismissing appeal for lack of jurisdiction because there was no final judgment because notice to the court that plaintiff would not proceed on a claim at trial was not sufficient and that even if the notice was construed as a Rule 41(a) dismissal it would not be effective to dismiss the claim because it was only attempting to dismiss a single claim within a multi-claim action) (citing *Rosell*, 67 4th at 144). Although it is possible that a court's signed approval and acceptance of an otherwise ineffective Rule 41(a) stipulation might impact this appellate jurisdiction analysis, that issue remains open. *Cf. Baxter v. Santiago-Miranda*, 121 F.4th 873, 886–87 (11th Cir. 2024) (recognizing that the circuit court may reasonably read similar dismissals that are granted by court order in a manner that may retain jurisdiction).

as "pragmatic" and "efficient" solutions to accomplish the same desired result. *See Ashford v. Nebraska Furniture Mart, Inc.*, No. 17-CV-02097, 2017 WL 1332706, at *2 (D. Kan. Apr. 11, 2017). For example, rather than using a Rule 41(a) stipulation, courts have recognized that when a party seeks dismissal of just some of its claims the party should amend its pleading under Fed. R. Civ. P. 15 and remove the specific claims it has stipulated to dismiss. *See, e.g., Fid. & Deposit Co. of Maryland v. Goran, LLC*, No. 2:17-cv-00604, 2021 WL 12313397, at *1–2 (D. Utah Aug. 9, 2021) (denying request under Rule 41(a)(2) where plaintiff only sought dismissal of a single claim and not dismissal of the entire action noting that plaintiff could "accomplish the same result by moving to amend its complaint under Rule 15(a)(2)"); *see also Warren v. Green Tree Servicing, LLC.,* 663 F. App'x 703, 710 (10th Cir. 2016) (unpublished) (acknowledging the district court's ruling that an amendment of plaintiff's complaint "was the necessary procedural course arising from [plaintiff's] own action in stipulating to the dismissal, purportedly under Fed. R. Civ. P. 41(a), of less than all claims against [defendant]"); *Central States Underwater Contracting, Inc. v. Price*, No. 12-CV-2556, 2013 WL 12250909, at *1 (D. Kan. June 20, 2013) (recognizing that where a party seeks to eliminate some of its claims but does not wish to dismiss the entire action the proper method is a motion to amend under Rule 15(a)(2) and not dismissal under Rule 41(a)) (citing *Gobbo Farms*); *Campbell,* 151 F.R.D. at 684 (acknowledging that "[a] motion to eliminate certain claims from a multi-count complaint should be made in a motion to amend under Rule 15") (citation omitted).

Some of these same courts have acknowledged that even where neither party has filed a motion to amend, for the sake of expediency and in the interest of justice, the court can treat an improper Rule 41(a) stipulation as a request to amend to remove certain claims. *See Fid. & Deposit Co. of Maryland*, 2021 WL 12313397, at *2; *see also Peter E. v. United HealthCare Servs., Inc.*, No. 2:17-cv-00435, 2018 WL 6068107, at *1–2 (D. Utah Nov. 20, 2018) (granting leave to amend noting that "[w]hen a plaintiff wishes to dismiss certain claims without dismissing the entire case, 'the proper procedure is to amend the complaint under Rule 15'") (citation omitted); *cf. Ashford*, 2017 WL 1332706, at *2 (construing Rule 41(a)(1) stipulations to dismiss with and without prejudice as motions to amend and granting the motions to omit all claims against certain defendants noting that "[p]laintiff may eliminate defendants and claims at issue in the case by filing an amended complaint within 14 days of the date of this [o]rder"); *Southcrest, L.L.C. v. Bovis Lend Lease, Inc.*, No. 10-CV-0362, 2011 WL 1793388, at *4 (N.D. Okla. May 11, 2011) (acknowledging the majority approach that "where a plaintiff has attempted to use the Rule 41 mechanism to dismiss fewer than all claims against a defendant, courts convert the faulty Rule 41 motion into a Rule 15 motion to amend") (citations omitted); *Campbell*, 151 F.R.D. at 684 (construing plaintiff's Rule 41(a)(2) motion as motion to amend under Rule 15(a)).

Other pragmatic options have also been recognized. For example, in *Davis v. Hostess Brands, LLC*, No. 22-2131, 2022 WL 2104230, at *1 (D. Kan. June 10, 2022), the parties filed a stipulation under Rule 41(a)(1)(A)(ii) to dismiss only one

count of the complaint without prejudice. Noting that the Tenth Circuit has determined that Rule 41(a) addresses only the "'dismissal of an action, not just a claim within an action,'" the court rejected the parties' reliance on Rule 41(a) and instead construed the stipulation as a joint motion to dismiss the single count and granted the motion. *See id.* (quoting *Gobbo Farms*, 81 F.3d at 123).

And even where this sort of procedural alchemy has not been undertaken, pragmatic concerns may have been the driving force when, on occasion, courts in this district have dismissed individual claims pursuant to a stipulated motion to dismiss that sometimes does and sometimes does not invoke Rule 41(a), or any other rule. *See, e.g., Katterman v. Salt Lake County*, No. 2:13-cv-1122 (D. Utah) (ECF Nos. 71, 72) (not invoking Rule 41(a)); *C. v. United Healthcare Insurance,* No. 2:19-cv-0474 (D. Utah) (ECF Nos. 37, 41) (same); *Klein v. Plaskolite, LLC*, No. 2:19-cv-0832 (D. Utah) (ECF Nos. 53, 54) (invoking Rule 41(a)(1)(A)(ii) in the stipulation); *First American Title Ins. Co. v. Northwest Title Ins. Agency, LLC*, No. 2:15-cv-0229 (D. Utah) (ECF Nos. 383, 384) (invoking Rule 41(a)(1) in both the stipulation and in the court's order). In fact, even Vivint sought and was granted similar relief in this manner. *See Vivint, Inc. v. NorthStar Alarm Servs., LLC*, No. 2:16-cv-0106, 2019 WL 1098986, at *2, *13 (D. Utah Mar. 8, 2019) (granting Vivint and NorthStar's stipulated motions to dismiss Vivint's first cause of action without prejudice and its fifth cause of action with prejudice).

Still other district courts, albeit outside this district, have dismissed individual claims, but not the entire action, under Rule 41(a)(2) pursuant to a

stipulation of the parties. *See Gatling v. Nickel*, 275 F.R.D. 495, 496 (E.D. Wis. 2011). In *Gatling*, after the action had been removed to federal court, the parties filed a stipulation pursuant to Rule 41(a)(1)(A)(ii) to dismiss all federal claims and for a remand to state court. *Id.* Although the court recognized that courts have declined to allow dismissal with prejudice of individual claims under Rule 41(a), it noted that "Rule 41(b), which allows a defendant to move for involuntary dismissal, permits the movant to request and the court to grant dismissal of the entire action, or particular claims. *Id.* (citation omitted). The *Gatling* court read this to "show that Rule 41 contemplates, more generally, a court's power to dismiss individual claims." *Id.* The court also noted that "[i]t would seem needlessly constraining, where Rule 41 otherwise contemplates dismissal of individual claims, to prohibit the dismissal of individual claims under Rule 41(a) where both parties have stipulated to such." *Id.*[5]

Other courts have followed *Gatling*, often noting that where the dismissal will be with prejudice and there is no opposition and/or the parties have stipulated to dismissal, there is no need to require any amendment of the pleadings noting that such "staunch formalism" is not required. *See Flowers v. City of Tulsa*, No. 21-cv-0196, 2021 WL 12408862, at *2 (N.D. Okla Aug. 13, 2021) (citing *Gatlin*); *see also Myers v. Nationstar Mortgage LLC*, 4:14-cv-0023, 2014 WL 2095217 at *2 (N.D. Ind.

[5] Because the parties in *Gatling* not only stipulated to dismissal of the federal claims but also stipulated to a remand to state court of the remaining claims upon dismissal—a remand that was then ordered—it is unclear if the fact that the entire action would no longer be in federal court entered into the court's analysis. *See Gatling*, 275 F.R.D. at 496.

May 19, 2014) (agreeing with *Gatling* that the court has the power to grant piecemeal dismissal of claims under Rule 41(a)(2) where the parties filed a stipulation for dismissal and sought dismissal of the claim with prejudice noting that "[i]t would serve no purpose here, where the parties have stipulated to the dismissal, to require the Plaintiff to move to amend her complaint (or construe the stipulation as a motion to amend), for which leave would be freely granted, and then require the Defendant to answer the new complaint").

While the court shares some of the concerns raised in *Gatling,* it is reluctant to fully adopt the same position, particularly given the Tenth Circuit's recognition that amending under Rule 15—rather than stipulating under Rule 41(a)—may be the proper means to remove individual claims from an action. *See Warren,* 663 F. App'x at 710. The court is equally reluctant to have the parties engage in an overly formulaic exercise in which each party must amend its pleading (and then presumably answer any amended pleading) in order to foreclose further litigation on claims that they agree should no longer be litigated. Instead, the court will follow the pragmatic and efficient practice of the *Davis* court and convert the portion of the parties' Stipulation seeking to dismiss their respective '262 patent claims with prejudice into a joint motion to dismiss those same claims with prejudice, and then grant dismissal of those claims.[6]

---

[6] Doing so is consistent with Federal Rule of Civil Procedure 1, which informs all courts that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1.

## CONCLUSION

Accordingly, insofar as the parties seek approval of their Stipulation [ECF No. 142] their request is **GRANTED IN PART** and **DENIED IN PART**.

With good cause appearing, the court **APPROVES** and **ACCEPTS** the Stipulation insofar as the parties stipulate that Vivint will not assert that the Pulse and/or Control products or systems are an accused instrumentality with respect to any of the five United States patents asserted by Vivint in this Action and insofar as Vivint will not assert that ADT has infringed any claims of either the ’159 patent or the ’739 patent.

The Stipulation is **NOT ACCEPTED** insofar as the Stipulation seeks approval of a dismissal with prejudice of certain individual claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and (a)(2). Having instead construed that portion of the Stipulation as a joint motion to dismiss Vivint’s second claim for relief for infringement of the ’262 patent [*see* ECF No. 95 at ¶¶ 82–95] and dismiss ADT’s second counterclaim for declaratory judgment of invalidity of the ’262 patent [*see* ECF No. 110 at ¶¶ 16–19], and with good cause appearing, the court **GRANTS** the joint motion and those claims are dismissed with prejudice.

**SO ORDERED** this 2nd day of September 2026.

BY THE COURT:



Clark Waddoups
United States District Judge